**Deanna Frader**
Petitioner

**To:**
**Internal Revenue Service,**
**Roberta James, Revenue Agent**

and

**Desert Schools Federal Credit Union**

```
✓ FILED      ___ LODGED
___ RECEIVED ___ COPY

   FEB 23 2012

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____M DEPUTY
```

MC-12-19-PHX-DGC

# PETITION TO QUASH
# I.R.S. SUMMONS Under 26 U.S.C. 7609(b)(2)

COMES NOW, Deanna Frader, in propria persona, on February 11, 2012 and files this petition with the parties Summoned and the issuing IRS office, pursuant to 26 U.S.C. § 7609 (b)(2), to Quash the Administrative Summons, Form 2039 attached as <u>Exhibit A</u>, that the Internal Revenue Service has improperly issued and served upon Desert Schools Federal Credit Union.

According to the written provisions of 26 U.S.C. Sec 7608(a) and (b), the instant Subtitle A Summons has been improperly issued by the Revenue Agent, without proper statutory authority for this type of I.R.S. employee to issue this type of Summons.

This petition is predicated on the provisions of 26 U.S.C. § 7609(b)(2), establishing the right of the person whose books and records are summoned from a third party record-holder to intervene in the processes and to quash the Summons for legal cause. In the instant matter, the I.R.S. Special Agent is either **exceeding and violating** the clear, explicit, and limited authority of § 7608(b), or is obviously **misusing,** in an incidence of misfeasance, the authority of § 7608(a).

In the event that respondents CANNOT show conclusively that they are in compliance with 26 U.S.C. § 7608, **and** that they have authority to issue a Summons under some statute **other than Section 7608**, this administrative summons is invalid and can be ignored.

Furthermore this summons is invalid and is due to be quashed because of non compliance with the standards set forth by the Supreme Court in *United States v. Powell,* 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed. 2d 112 (1964), to wit: The administrative steps established by Congress and required by the Internal Revenue Code (IRC) were <u>NOT</u> followed.

## POINTS AND AUTHORITIES

1.  <u>RIGHT TO INTERVENE; RIGHT TO PROCEEDING TO QUASH</u>

Petitioner will seek to quash this summons pursuant to the provisions of IRC § 7609(b)(2). Section 7609(b) reads:

**IRC § 7609(b):**

**(b) Right to Intervene Right to Proceeding to Quash.--**

(1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) **shall have the right to intervene in any proceeding** with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash.—

(A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) **shall have the right to begin a proceeding to quash such summons** not later than the 20th day aver the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, **the Secretary may seek to compel compliance with the summons**. (emphasis added)

(B) requirement of notice of person summoned and to secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20 day period referred to in subparagraph (A) such person **shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice** referred to in subsection (a)(1). (emphasis added)

(C) Intervention etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

**(c) Summons to Which Section Applies.--**

(1) In general.-- Except as provided in paragraph (2), a summons is described in this subsection if it is issued under paragraph (2) of section 7602(a) or under section 6420(e)(2), 6421(g)(2), or 6427(j)(2) and requires the production of records.

(2) Exceptions.- A summons shall not be treated as described in this subsection if-

(A) it is solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in subsection (a)(3)(A), or

(B) it is in aid of the collection of—

(i) the liability of any person against whom an assessment has been made or judgment rendered, or
(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

**(d) Restriction of Examination of Records--**

**No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made**

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in **subsection (a)(2)**, or

(2) **where a proceeding under subsection (b)(2)(A) was begun** within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, **except in accordance with an order of the court** having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash. (emphasis added)

The summons in the instant case, Exhibit A, was purportedly issued under authority of the Internal Revenue Code. The summons was issued on February 2, 2012, and ordered appearance at IRS, 1818 E. Southern Avenue, Suite 15, Mesa, Arizona 85204, on March 2, 2012.

Clearly, the time between the date the summons was issued and the time set for an appearance was not in accordance with the 20 day period stated in 26 USC § 7609(b). Therefore, this summons must be quashed for that reason alone.

26 U.S.C. 7609(b)(2)(A) states: "**the Secretary may seek to compel compliance with the summons**". Therefore, as a result of this Petition, the instant Summons **is without force** of law **unless the Secretary files in the District Court seeking to compel compliance with the Summons through an Order of the Court emanating from a hearing to enforce the Summons.** I have never received notice of any such scheduled event. The Supreme Court has addressed this requirement:

> "**If the Secretary or his delegate wishes to enforce the summons, he must proceed under § 7402 ( b).**" [*Reisman v. Caplin,* 375 U.S.C. 440, 445].

PETITION TO QUASH I.R.S. SUMMONS Under 26 U.S.C. 7609(b)(2)

No order has emanated from a competent Court and **Petitioner has not granted his permission for the examination of any books or records that pertain to him or any other party.** This position is supported by the United States Supreme Court when they said:

> An individual may be under no obligation to do a particular thing, and his failure to act creates no liability but if he voluntarily attempts to act and do a particular thing, he comes under an implied obligation in respect to the manner in which he does it. [_Guardian T & D Co. v. Fisher_, 26 S. Ct. 186 @ 188 (1986)]

Petitioner does not wish to volunteer to do an act that is not shown to be required, nor does he wish to waive any of his Constitutionally secured and guaranteed Rights as a Citizen of the United States of America.

2.   <u>IMPROPER ISSUANCE AND EXECUTION</u>

Petitioner seeks to quash this summons due to the various defects of its issuance, and the **abuse of process** by which that issuance was accomplished.

The true legal authority of Internal Revenue Service employees, like Revenue Agent, Roberta James, to **serve** Internal Revenue Summons is clearly specified and spelled out in Title 26 U.S.C. Sec. **7608 (a)**.

> **§ 7608. Authority of internal revenue enforcement officers.**
>
> (a) Enforcement **of subtitle E** and other laws **pertaining to liquor, tobacco, and firearms**
>
> Any **investigator, agent, or other internal revenue officer** by whatever term designated, whom the Secretary charges with the duty of enforcing any of the criminal, seizure, or forfeiture provisions **of subtitle E or** of any other law of the United States **pertaining to the commodities subject to tax** under such subtitle for the enforcement of which the Secretary is responsible may –
>
> (1) carry firearms;
> (2) execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;   (emphasis added)

As a Revenue Agent, Roberta James is **only authorized** by this statute **to serve a Summons within Subtitle E investigations, enforcing the Subtitle E laws pertaining to liquor, tobacco, and firearms**, commodities subject to tax.

Conversely, the authority to serve Summons issued regarding taxes under **Subtitle A** of Title 26, **which would be the applicable and relevant authority to the instant matter**, is specified in Section **7608 (b)**, which states:

> **§ 7608. Authority of internal revenue enforcement officers.**
> ...
> **(b)** Enforcement of laws relating to internal revenue **other than subtitle E**
>
> (1) Any **criminal investigator of the Intelligence Division** of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, **is**, in the performance of his duties, **authorized to perform the functions described in paragraph (2).**
>
> (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are –
>
> (A) to execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;   (emphasis added)
> ....

Clearly and plainly, 26 U.S.C. Sec. 7608(b) specifies that **only a criminal investigator** of the **Intelligence Division** may serve a Summons **outside of Subtitle E, i.e.: under Subtitle A, as in the instant matter.** In the instant matter, the Revenue Agent purportedly issuing the 2039 Summons form is **not a criminal investigator** of the Intelligence Division and has therefore violated 26 U.S.C. Sec. 7608(b) by serving a Summons that only a *criminal investigator* is authorized to issue and serve. Not surprisingly, since the law is consistent, 26 U.S.C. Sec. 7608(a) has also been violated by the Revenue Agent in exceeding the true statutory authority of a Revenue Agent to issue and serve Summonses by serving a Summons that is not issued as part of a Subtitle E investigation or enforcement action.

The Authority that is actually possessed by the Revenue Agent is that specified in Title 26 U.S.C. Sec. 7608(a), supra, to **only** serve a Summons regarding the *"criminal, seizure, or forfeiture provisions of subtitle E"* or *"pertaining to the commodities subject to tax".*

**Subtitle E is not the stated basis** for this investigation, nor would it be appropriate or legitimate to invoke under the instant circumstances, as Petitioner has not been involved in any ATF related activities. **Subtitle A is the known and stated basis for this investigation,** which does not in any way pertain to *"liquor, tobacco or firearms"* or any other *"commodities subject to tax"* **as required by the statute for the issuance of a legitimate Summons by a Revenue Agent.**

One should very carefully note the very specific distinction between the two very different authorities to serve Summons that is established in the written law for the enforcement of the two different subtitles, A and E.

The limited authority that Roberta James, Revenue Agent actually possesses as a Revenue Agent under 26 U.S.C. Sec. 7608(a), is to serve summons **related to the enforcement of Subtitle E provisions.** That **limited authority** has been abused in the instant matter, being improperly used to issue and serve a Summons concerning the investigation of Subtitle A provisions, **not** Subtitle E as required by the specific language of the code section granting authority to this employee in the instant matter, 7608(a).

Subtitle E is not a basis for this action. But it was this Subtitle E authority, 26 U.S.C. Sec. 7608(a), that has been improperly relied upon in this matter to have the Revenue Officer, **instead of a** *"criminal investigator of the Intelligence Division"*, serve the Subtitle A Summons in violation of the law, by misusing the Subtitle E authority in an incidence of misfeasance committed by the Revenue Agent.

Therefore the *"appropriate process"* necessary for the District Court to have jurisdiction under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b) **has been violated and poisoned** by the **misfeasance** of the Revenue Agent, who wrongfully misused the Subtitle E – Alcohol, Tobacco & Firearms authority to improperly serve a summons regarding a Subtitle A enforcement investigation.

2.   <u>JURISDICTION OF THE DISTRICT COURT</u>

The process of the Court is abused by this **misfeasance and blatant misuse** of the statutory powers by the Revenue Agent, and any hope of establishing the *"appropriate process"* that could establish jurisdiction for the District Court is **destroyed**. The lawful jurisdiction of these Courts to enforce the Summons is invalidated by this **inappropriate** process, and jurisdiction is now beyond reach of the District Courts **because there can be no proper showing of statutory authority** for the issuance and service of this Summons under 7608(b), **as required by law to establish** *"appropriate process" under* 7604(a) and 7402(b) in order to proceed with enforcement.

Jurisdiction of the District Court to enforce an internal revenue Summons can only be established by *"appropriate process"* under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b). *"Appropriate process"* **cannot be established in this case** because

a *criminal investigator of the Intelligence Division* **did not serve the Subtitle A Summons as required under 26 U.S.C. Sec. 7608(b)(1).** *"Appropriate process"* **has been poisoned** because the authority to serve a summons under Subtitle E was improperly used in the instant matter to wrongfully and improperly serve a Summons related to Subtitle A income tax, instead of properly pertaining to Subtitle E commodities taxes. Revenue Agent, Robert James does not possess the authority necessary under 26 U.S.C. Sec. 7608(b) to serve Subtitle A Summons **because she is not a** *"criminal investigator of the Intelligence Division"*.

Revenue Agent, Roberta James cannot misuse the authority of 26 U.S.C. Sec. 7608(a) – authorizing a Summons under Subtitle E, to accomplish an end that is not authorized by the code section, i.e.: the service of a Summons under Subtitle A, and that is also not authorized under Sec. 7608(b) – i.e.: the service of a Subtitle A Summons by a Revenue Agent rather than by a **criminal investigator**.

Title 26 U.S.C. Sec. 7608(b) controls and limits the enforcement authority of the United States and its officers investigating the enforcement of the Subtitle A provisions, and it does not make statutory provision for Revenue Agents to serve Subtitle A Summons, as has been **inappropriately and improperly** done in the instant matter.

Additionally, the instant summons in this case was not executed in accordance with Internal Revenue Code § 6065 which clearly says:

> **§ 6065. Verification of returns.**
>
> Except as otherwise provided by the Secretary, **any** return, declaration, statement, or other document **required** to be made under any provision of the internal revenue laws or regulations shall **contain** or be verified by a **written** declaration that **it is made under the penalties of perjury**. (emphasis added)

It is clear that the "summons" served in this case was certainly a document required to be made under a provision of the internal revenue laws or regulations, and as such it was required to be made under the penalties of perjury. The summons in this case was not executed by the Special Agent as required by law. Certainly the attorneys employed by Congress were aware of the content of that code section when it was written. Certainly they were aware of the United States Supreme Court's consistent rulings since 1897 that a statute means exactly what Congress wrote when they said:

> The primary and general **rule of statutory construction** is that the intent of the lawmaker is to be found **in the language that he has used**. He is presumed to **know the meaning of the words** and the rules of grammar.
> [*U.S. v Goldenberg, et al.*, 16S U.S. 95, 102 (1897)].   (emphasis added)

It cannot be presumed that the statute and the Supreme Courts decisions are without meaning.

Clearly, every procedure set forth in the Internal Revenue Code must be followed explicitly prior to a right to take action under § 7609. The respondents must certainly be aware of the defects in the purported "summons".

The fact that all procedures must be explicitly followed is also set forth in Title 12 U.S.C. § 3403 which clearly says:

> (a) Release of records by financial institutions prohibited. No financial institution, or officer, employees, or agent of a financial institution, may provide to any government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this title.
>
> (b) Release of records upon certification of compliance with chapter. A financial institution shall not release the financial records of a customer until the Government authority seeking such records **certifies in writing** to the financial institution that it has complied with the **applicable provisions of this title**. (emphasis added)

The documents issued by the Internal Revenue Service in the instant matter in the form of a "Summons", did not contain any certification that they were in compliance with the applicable provisions of Title 12 United States Code. Title 12 U.S.C. § 3405 says:

> A Government authority may obtain financial records under section 1102 (2) [12 USCS § 3402 (2)] pursuant to an administrative subpoena or summons otherwise authorized by law ONLY IF-
>
> (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry
> (2) a copy of the subpoena or **summons has been served upon the customer** or trailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution **TOGETHER WITH THE FOLLOWING NOTICE** which shall **state with reasonable specificity the nature of the law enforcement inquiry**; "Records or information concerning your transactions held by the financial institution named in the attached supine or summons are being sought by this (agency or department) in accordance with the Right to Financial Privacy Act of 1978 for the following purpose: If you desire that such records or information not be made available, you must:
>
>> 1. Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Government and either giving the reasons you believe that the records

PETITION TO QUASH I.R.S. SUMMONS Under 26 U.S.C. 7609(b)(2)

are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.
2. File the motion and statement by trailing or delivering them to the clerk of any one of the following United States district courts:
3. Serve the Government authority requesting the records by mailing or delivering a copy of your motion and statement.
4. Be prepared to come to court and present your position in further detail.
5. You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.
If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein will be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer; and
(3) ten days have expired from the date of service of the notice or fourteen days have expired from the date of service of mailing the notice to the customer and within such time period the customer has not filed a sworn statement and motion to quash in a appropriate court, or the customer challenge provisions of section 1110 [12 USC § 3410] have been complied with. (emphasis added)

It is true that there is an exception for the "government" to the above statutes as stated in Title 12 USC § 3413 (c) and (d) which say:

(c) Disclosure pursuant to internal Revenue Code. Nothing in this title prohibits the disclosure of financial records in accordance with procedures **authorized by the Internal Revenue Code**

(d) Disclosure pursuant to Federal statute or rule promulgated thereunder. Nothing in this title shall authorize the withholding of financial records or information required to be reported **in accordance with any Federal statute** or rule promulgated thereunder. (emphasis added)

However, the exception only applies when the request is made "... in accordance with procedures authorized by the Internal Revenue Code", and "... in accordance with any Federal statute or rule promulgated thereunder". This petition's pleadings clearly show that the request **WAS NOT made in accordance with the Internal Revenue Code** or the Federal statutes, and therefore, the Summons is invalid unless enforced by an *Order* of the District Court, which cannot be done without showing jurisdiction by *appropriate process*, which is destroyed by the misfeasance of the Revenue Agent in mis-using authority to issue a Summons pertaining to Subtitle A tax under a grant of authority whose legitimate use is restricted to use within **only Subtitle E, and is never granted for use under Subtitle A.**

The authority for the petitioner to make this demand for verification of authority has been well established by the United States Supreme Court as follows:

> Whatever the form in which the government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority. . .and this is so even though as here **the agent himself may have been unaware of the limitations upon his authority**. (Emphasis added)
> [*Federal Crop Insurance Corporation v. Merill*, 332 U.S. 380 @ 384 (1947)]

This petition is a demand pursuant to the above United States Supreme Court decision for the government to show its authority for the administrative summons issued and served in the instant matter, and to produce a jurisdictional document or official statement that is alleged to expand the jurisdictional authority of the I.R.S. Criminal Investigative Division beyond the jurisdictional authority shown and stated in the Internal Revenue Manual at I.R.M. 1132.75, which states:

> "The Criminal Investigative Division enforces the criminal statutes applicable to income, estate, gift, employment and excise tax laws **involving United States citizens residing in foreign countries** and non-resident aliens subject to Federal income tax filing requirements... and ...**secures information from foreign countries,...**"
>
> (emphasis added)

**Petitioner is NOT a non-resident alien, and the State of Arizona is not a foreign country.**

And, from the Supreme Court, as regards the clear and explicit language of Section 7608:

> The primary and general **rule of statutory construction** is that the intent of the lawmaker is to be found **in the language that he has used**. He is presumed to **know the meaning of the words** and the rules of grammar. (emphasis added)
> [*U.S. v Goldenberg, et al.*, 16S U.S. 95, 102 (1897)].

It cannot be reasonably presumed that the statute and the Supreme Courts decisions are without meaning.

3. **LAWFUL SUMMONS ENFORCEMENT**

Internal Revenue Code § 7604 reads in pertinent part:

> **(a) Jurisdiction of district court.**
>
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found **shall have jurisdiction by appropriate process to compel such** attendance, testimony, or production of books, papers, records, or other data. (emphasis added)

And Section 7402 states:

> **§ 7402. Jurisdiction of district courts**
> ...
> **(b) To enforce summons**
>
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found **shall have jurisdiction by appropriate process to compel** such attendance, testimony, or production of books, papers, or other data.

Sections 7604 and 7602 show that the authority to enforce the summons **resides only** with the District Court, **not** with the IRS office, and can only be obtained by *appropriate process*. This is supported by the language of both of the controlling code sections shown above, as well as that of 7609(b)(2)(A), where it states that "...*the Secretary may seek to compel compliance with the summons*...", and Section 7604(b), which states "...*the Secretary may apply to the judge of the district court*...". Further, Section 7609(h) places authority **only with the District Court** to hold a hearing and make a lawful determination regarding the ultimate disposition of this *Petition to Quash* and the underlying Summons.

The person who signed the "Summons" in this case is Robert James with the title of " Revenue Agent". Because she does not claim to be a **criminal investigator** of the Intelligence Division, her authority in **this case** would appear to be lacking. Incredible as it may seem, in the event that she **did** have the authority under section 7608 (b), it would only be limited to **(2) (A) (B) or (C)**, that is, to SERVE SUMMONSES, or seize property **subject to forfeiture**. Notably missing from Section 7608 is the authority to actually **ISSUE** a summons. A reasonable person would not presume that they have authority established under Internal Revenue Code §§ 7601, 7602, 7603, 7604, 7605, 7606, 7609, 7610, 7611 and 7612, and then choose to ignore § 7608. Section 7608 clearly identifies the true and limited authority of Internal Revenue enforcement officers to issue and serve

Form 2039 Summons.

### 4. FURTHER PROOF THAT THE SUMMONS ONLY APPLIES TO CFR 27

Internal Revenue Service Revenue Agent, Roberta James has improperly issued an administrative summons in the instant matter. According to the *PARALLEL TABLE OF AUTHORITIES* for the *CODE OF FEDERAL REGULATIONS* (CFR), *Index and Finding Aids*, the only enabling regulation authorizing the use of the administrative summons is located in 27 CFR Part 170, 296. This section of the CFR deals exclusively with "Intoxicating Liquors".

The CFR Index and Finding Aids, Table of Authorities, shows in the Federal Register the location of the published implementing regulations for these cited Code sections as follows:

| Sec. | Description | Enforcement Regulation In |
|---|---|---|
| 7601 | Canvass of District for Taxable Persons | 27 CFR Part 70 |
| 7602 | Examination of Books and Witnesses | 27 CFR Part 170, 296 |
| 7603 | Service of Summons | 27 CFR Part 70 |
| 7604 | Enforcement of Summons | 27 CFR Part 70 |
| 7605 | Time and Place for Examination | 27 CFR Part 70 |
| 7608 | Authority of Internal Revenue Enforcement Officers | 27 CFR Part 70, 170, 296 |

The administrative summons issued in the instant matter cites no authority at all other than the "Internal Revenue Code" The Internal Revenue Code only lists four (4) code sections from which the authority to issue a Summons could emanate (§§ 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7602). Three of those sections (6420(e)(2), 6421(g)(2), 6427(j)(2)) pertain only to gasoline taxes and the fourth, § 7602 pertains only to "intoxicating liquors". Therefore, the summons contains no authority that would pertain to the Petitioner and must therefore be quashed. The petitioner is not now and has never been engaged in any of those ATF revenue taxable activities that the Summons properly applies to and is authorized under. The Internal Revenue Service has not and cannot produce any documentation showing that petitioner is engaged in or liable for any type of taxes that relate to "Intoxicating Liquors."

Title 27 (the "27 CFR" referenced above) deals solely with taxable alcohol, tobacco and firearms activities. The records maintained by the IRS as to me shows, or should show, and the IRS knows, or should know, that I am not involved in any taxable alcohol, tobacco or firearms activities, and therefore, I am not subject to any of the administrative procedures or enforcement actions associated with any of these United

States Code sections regarding the proper and legal use of the Summons instrument.

The fact that the Internal Revenue Service has only promulgated regulations for these code sections in CFR 27 - Intoxicating Liquors, to issue and enforce the administrative collection summons for "Intoxicating Liquors" related taxes, is persuasive supporting evidence that the law is not intended to be applicable to any other Subtitle's taxes or provisions of the Code outside of Subtitle E.

The cross references for Chapter 78 of the IRC shown in the U.S.C. confirm the limited proper use of the summons as revealed above.

### § 7612. Cross references

**(a) Inspection of books, papers, records, or other data.**
  For inspection of books, papers, records, or other data in the case of -
    (1) **Wagering**, see section 4423.
    (2) **Alcohol, tobacco, and firearms taxes,** see subtitle E.

There are no other cross-references shown for the inspection of books, papers, records or other data.

### 5. IMPROPER PURPOSE AND BAD FAITH

Internal Revenue Service employee, Revenue Agent, Robert James, is **only** attempting to **unlawfully harass** the petitioner through the issuance of the instant Summons, is **not** engaged in a lawful investigation of any real Subtitle A **tax liability that can be identified in statute**, as is provided by Section 1461, and is plainly exceeding the true legal authority possessed as a Revenue Agent to Summons books and records for inspection. As a federal employee trained in the internal revenue laws and procedures, the I.R.S. employees are, or should be, well aware of the limitation of their authority and duties. In summary:

(a) § 7609 (b)(2)(A) states that a notice must be given in the manner provided in subsection (a)(2).
(b) § 7609 (a)(2) states that, "such notice is served in the manner provided in section 7603".
(c) § 7603 requires a Certificate of Service which was not delivered.
(d) There was no summons legitimately issued under § 7602.
(e) The summons was not executed in accordance with § 6065.
(f) § 7608 does not authorize any authority for Revenue Agent Roberta James to issue any summons outside of subtitle E, as has been attempted.
(g) §§ 7604(a) and 7402(b) shows that an administrative Summons has no force of law without an *Order* of the District Court enforcing it.

(h) Petitioner could find no statutory authority in the law stating that a Petitioner must file an action in the federal District Courts in order to petition to quash a Summons

(i) Petitioner has herein already established by statute that **the requirements to apply to the District Court and to establish the jurisdiction of the District Court** in order to seek **to compel compliance with, or enforcement of, the instant Summons** through legal proceedings, **is the duty of the Secretary, not** the Petitioner.

A reasonable person would not apply to a District Court to enforce a summons containing so many fatal errors.

**THE FOREGOING PREMISES CONSIDERED**, in particular, the fact that the conditions of IRC §§ 7602, 7603, 7604, 7608, and 7609 have **not** been met, this Petition is the beginning of a proceeding to quash the purported administrative 3rd party Summons, Form 2039, wrongfully issued and served on Desert Schools Federal Credit Union in this matter by Revenue Agent, Roberta James. If the Revenue Agent wishes to pursue further the enforcement of the instant Summons, then she must file in the District Court for a hearing seeking to compel *such attendance, testimony, or production of books, papers, records, or other data.*

Therefore, until such time that the respondents are in full compliance with code sections 7608, 7609, and all of the other code sections identified herein, this Petition will serve as *Legal Notice* of the fatal nature of the defects in the purported Summons unlawfully issued and served on Desert Schools Federal Credit Union.

Because of the fatal nature of those severe defects, **neither Petitioner nor any other recipient of the instant identified Summons is under any true legal obligation to honor such a Summons and produce for inspection or examination any books or records of the petitioner**, at any scheduled place or on any appointed date, until **Ordered** to do so by a Judge of a Court of competent jurisdiction, after a hearing.

To do so, in light of the information contained in this Petition regarding the fatal flaws associated with the issuance of the instant Summons, would be an actionable breach of fiduciary duties owed to the Petitioner through the proper legal deliverance of this Petition to Desert Schools Federal Credit Union.

Respectfully submitted,

*Deanna Frader* 2/23/2012
Deanna Frader

## CERTIFICATE OF SERVICE

I, Deanna Frader, certify that pursuant to IRC § 7609(b)(2)(B), a true copy of the attached Administrative Petition to Quash IRS Summons has been served via Certified Mail to each of the following:

Revenue Agent, Robert James
Internal Revenue Service
1818 E. Southern Avenue, Suite 15
Mesa, Arizona 85204

                                                Certified Mail #_____

Desert Schools Federal Credit Union
Document Imaging
Post Office Box 2945
Phoenix, Arizona 85062

                                                Certified Mail #_____

                                      */s/ Deanna Frader*    2/23/2012
                                      Deanna Frader
                                      2926 E. Laurel St.
                                      Mesa, Arizona 85213